IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

CROWN S. ABINGTON HOLDINGS,　　　:
LLC,　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Plaintiff,　　　　　　:　3:25-cv-1791
　　　　　　　　　　　　　　　　　　　:　(JUDGE MARIANI)
　　　v.　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
NORFOLK SOUTHERN RAILWAY　　　　　:
COMPANY　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　　　　:
　　　　　　　　Defendant.　　　　　　:

## MEMORANDUM OPINION

Before the Court are two motions. In the first motion, Plaintiff Crown S. Abington Holdings, LLC ("Plaintiff") moves to remand this action to the Lackawanna County Court of Common Pleas. (Doc. 6). In the second motion, Defendant Norfolk Southern Railway Company ("Norfolk Southern" or "Defendant"), moves to dismiss this action pursuant to Federal Rule of Civil 12(b)(6). (Doc. 4). Plaintiff's motion to remand will be granted because Norfolk Southern failed to prove, to a legal certainty, that the Complaint seeks relief in excess of $75,000. Moreover, even if the Court applies the preponderance of the evidence test as Norfolk Southern claims it must, remand would still be appropriate because Norfolk Southern failed to show it is more likely than not that the amount in controversy exceeds $75,000. Because the Court lacks diversity jurisdiction, it will dismiss Norfolk Southern's motion to dismiss at moot.

## I.   INTRODUCTION & PROCEDURAL HISTORY

On August 29, 2025, Plaintiff filed a complaint against Norfolk Southern in the Lackawanna County Court of Common Pleas. (Doc. 1-2). On September 25, 2025, Norfolk Southern timely removed this action pursuant to 28 U.S.C. § 1446(b), alleging this Court has diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. (Doc. 1). Norfolk Southern shortly thereafter moved to dismiss the Complaint. (Doc. 4). On October 16, 2025, Plaintiff moved to remand this action to the Court of Common Pleas for Lackawanna County. (Doc. 6). The matter has been fully briefed and is ripe for disposition.

## II.   FACTUAL ALLEGATIONS

### A. The Complaint

Plaintiff is the owner of Abington Shopping Center (the "Shopping Center") located between 1127 Northern Boulevard, South Abington Township, and 1002 S. State Street, Clarks Summit Borough, in Lackawanna County, Pennsylvania. (Doc. 1-1, ¶ 3). Plaintiff brings this action seeking redress from Norfolk Southern's "installation, construction and maintenance of box culvert(s)," located on Norfolk Southern's property adjacent to the Shopping Center and for "unlawful discharge of stormwater onto Plaintiff's property." (Id.).

Plaintiff owns commercial property that "houses such commercial tenants as the Wright Center, Ace Hardware, McDonalds, the Hallmark Store, Dino & Francesco's Pizzeria, Caravia Grocery, Brown's Gym and Kyoto Restaurant." (Id., ¶ 7). In 2015, Norfolk Southern purchased the rail line and property adjacent to Plaintiff's property. (Id., ¶ 8).

2

Norfolk Southern, or its predecessor, constructed and installed box culverts underneath its track, adjacent to Plaintiff's property. (*Id.*, ¶ 9).

Plaintiff alleges that Norfolk Southern "negligently constructed, installed and maintained the box culverts, such that they are higher in elevation than the downstream adjacent culverts on Plaintiff's property and ultimately out to Northern Boulevard and State Street," both public roads. (*Id.*, ¶ 10). This alleged negligent construction and maintenance "has caused the culverts to act as a dam, rather than allow water to properly drain through the ditch maintained by the Plaintiff on its property." (*Id.*, ¶¶ 11-12). The damming of the water caused by the box culverts has caused a large portion of the Shopping Center to flood. (*Id.*, ¶ 13).

To prevent flooding damage, "Plaintiff often has been required to dig out and perform other maintenance on its ditch and culvert." (*Id.*, ¶ 14). But despite Plaintiff's best efforts to prevent damage, "the box culverts continue to cause the silting of the Plaintiff's ditch and the frequent flooding of a large portion of the Shopping Center." (*Id.*, ¶ 15). Specifically, on or about September 9, 2023, "the failure of Norfolk Southern's culvert caused damage to Plaintiff's property," causing Plaintiff's culverts "to become filled with debris and portions of the Defendant's failed culverts." (*Id.*, ¶ 16). The Shopping Center "then flooded by the water dammed by the box culverts causing damage to the Property and the businesses of the commercial tenants." (*Id.*, ¶ 17). The tenants of the Shopping Center "have suffered

from flooded store fronts, damage to the Wright Center doctor's office and caused the closure of businesses because of flooding." (*Id.*, ¶ 18).

On or about September 9, 2023, and on several occasions prior and subsequent thereto, "the culverts and storm drainage facilities on Defendant's property overflowed, backed up and otherwise malfunctioned, resulting in substantial, severe and ongoing damage to the property and the tenants' businesses." (*Id.*, ¶ 19). "The flooding became so extensive that it caused considerable damage to the property and the tenants' businesses." (*Id.*). As long as the box culverts are permitted to sit at level higher than the downstream adjacent culverts—which run underneath Plaintiff's property and onto State Street—the Plaintiff "will continue to suffer from the interference with the use and enjoyment of its property" and the "adjacent tenants and businesses will continue to suffer from the flooding at the Shopping Center, and the damage to the real estate will be irreparable." (*Id.*, ¶ 20). Similarly, Plaintiff alleges "[a]s long as the box culverts are improperly maintained," Plaintiff "will continue to suffer from the interference with the use and enjoyment of its property" and the "adjacent tenants and businesses will continue to suffer from the flooding at the Shopping Center, and the damage to the real estate will be irreparable." (*Id.*, ¶ 21).

In Count I, Plaintiff brings a claim for negligence against Norfolk Southern due to its alleged negligent design, construction, installation, and maintenance of the culvert. (Doc. 1-1, ¶¶ 22-32). Plaintiff requests damages "in an amount in excess of $50,000.00, plus interest and costs." (*Id.* at 8).

4

In Count II, Plaintiff asserts a statutory cause of action pursuant to Pennsylvania's Storm Water Management Act, 32 P.S. § 680.1 *et seq.* (*Id.*, ¶¶ 33-36). Plaintiff asserts "the cost to remedy the injury caused by defendant's conduct exceed $50,000." (*Id.*, ¶ 36). Plaintiff further seeks: "(1) monetary damages sufficient to fully compensate it for past and future damages in an amount to be determined by the jury; (2) punitive damages in an amount determined by a jury and sufficient to deter Norfolk Southern and others from similar conduct in the future; (3) prejudgment and post judgment interest at the maximum rate allowed by law; and (4) reasonable expenses, including attorneys' fees and costs." (*Id.* at 9).

In Count III, Plaintiff pursues a claim for continuing trespass. (*Id.*, ¶ 37-40). Plaintiff demands judgment "in an amount in excess of $50,000.00, together with punitive damages, interest, cost, and such other relief as this Court deems just and proper." (*Id.* at 10). In Count IV, Plaintiff brings a public and private nuisance claim. (*Id.*, ¶¶ 41-43). In the *ad damnum* clause, Plaintiff demands "damages in amount in excess of $50,000, together with punitive damages, interest, costs, and equitable relief, including an injunction abating the nuisance, and such other relief as this Court deems just and proper." (*Id.* at 11).

## B. Notice of Removal

On September 25, 2025, Norfolk Southern removed the action to this Court. (Doc. 1). In the Notice of Removal, Norfolk Southern asserts that this Court has diversity

jurisdiction under 28 U.S.C. § 1332(a) because the parties are diverse and the amount in controversy exceeds $75,000. In support, Norfolk Southern alleges the following:

This action arises from allegations of damages to commercial property owned by Plaintiff, and located in Clarks Summit Borough, Lackawanna County, Pennsylvania. (Doc. 1, ¶ 9). Specifically, "Plaintiff alleges damages from stormwater flowing over its property, as a result of Defendant's alleged negligence with regard to the installation, construction, and maintenance of box culvert(s) in South Abington Township and Clarks Summit Borough, adjacent to the Shopping Center and the unlawful discharge of stormwater into Plaintiff's property." (*Id.*). There is complete diversity in this action because Plaintiff is a Pennsylvania LLC with its principal office located in Wilkes Barre, Pennsylvania and Norfolk Southern is a Virginia Corporation with its principal place of business in Atlanta, Georgia and is thus a citizen of Virgina and Georgia. (*Id.*, ¶¶ 12-16).

In its Notice of Removal, Norfolk Southern asserts that the amount in controversy exceeds $75,000 and makes the following assertions based of the allegations in the Complaint:

- Plaintiff seeks to recover actual damages and punitive damages of unspecified value for alleged injury to property sustained as a result of negligently maintained/designed culverts.

6

- Instantly, Plaintiff claims damages in amount in excess of $50,000 plus interest and reasonable expense, including attorneys' fees and costs.[1]

- Further, Plaintiff alleges punitive damages against Defendant.

- Where, as here, the Complaint does not specifically aver an amount in controversy, it is the removing defendant's burden to show that the amount in controversy more likely than not exceeds the jurisdiction requirements.

- Here, Plaintiff seeks punitive damages "in an amount to be determined by a jury and sufficient to deter Norfolk Southern and others from similar conduct in the future." Plaintiff's request for punitive damages could alone be conclusive evidence that this case satisfies the amount in controversy. Under Third Circuit precedent, "[a] request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of the plaintiff's claim is below the statutory minimum." *Golden ex rel. Golden v. Golden*, 382 F.3d 348, 355 (3d Cir. 2004), *abrogated on other grounds in Three Keys Ltd. v. SR Utility Holding Co.*, 540 F.3d 348, 355 (3d Cir. 2004). While Defendant does not believe that punitive damages are appropriate in this case, there is no statutory cap on punitive damages in Pennsylvania.

---

[1]    "In Lackawanna County, the compulsory arbitration limit is $50,000." (Doc. 1 n.1) (citing Lackawanna Co. R. Civ. P. 1301)).

- The amount in controversy is even more clearly met when the prayer for punitive damages is coupled with the balance of the Complaint's allegations. Plaintiff seeks both past and continuing damages resulting from ongoing flooding and water damages to its property.

- Namely, Plaintiff alleges that, as a natural proximate cause of Defendant's negligence, Plaintiff has suffered damage to its building and property including but not limited to: (1) "exposure, cracking and damage to the foundation, foundation walls and general structure imperiling the structural integrity of the building," (2) "an unnatural settling and shifting of the foundation, walls and general structure resulting in damage and disruption to utilities, their systems and the structure of the building," (3) "an inability to use their buildings and property, necessitating temporary closure of the business and general disruption of the businesses at the Shopping Center," (4) "changes in the boundaries of their property, resulting in a loss of acreage," (5) "damage to soil and land by the constant unnatural erosion," and (6) "other various damages to the plaintiff's property."

- This amount is controversy does not yet take into account Plaintiff's claim for punitive damages which, as noted, "generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that

8

the value of the plaintiff's claim is below the statutory minimum." *Golden*, 382 F.3d at 355.

- Further, in Count IV of its Complaint, Plaintiff claims that Defendant's alleged negligence constitutes both a public nuisance and a private nuisance, and seeks unspecified equitable relief including, "an injunction abating the nuisance."

- In an action for injunctive relief, the amount is in controversy is measured by the value of the interest sought to be protected by the equitable relief requested.

- Based on Plaintiff's claim of "private nuisance . . . [which] substantially and unreasonably interferes with Plaintiffs' right as a property owner," and "public nuisance . . . that has interfered with the rights of the public and the community at large, including the business, customers, and patrons of [its] Shopping Center," it is more probable that not that, combined with Plaintiff's claim for damages, the amount in controversy exceeds the $75,000 threshold.

- Plaintiff's allegations of severe, ongoing property damage demonstrates that its claim for negligence and punitive damages combined more likely than not exceed $75,000, and that the amount in controversy therefore more likely than not exceeds $75,000.

9

(Doc. 1, ¶¶ 17, 19-29).

### III.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a civil action filed in state court if the federal court would have original jurisdiction over the action.  28 U.S.C. § 1441(a).  Once an action is removed, a plaintiff may move to remand the case to the state court.  28 U.S.C. § 1447(c).  "The party seeking removal has the burden of establishing federal jurisdiction" and courts must "interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court."  *Avenatti v. Fox News Network, LLC*, 41 F.4th 125, 130 (3d Cir. 2022).

"District courts 'have original jurisdiction over all civil arising under the Constitution, laws, or treaties of the United States.'" *Johnson v. Mazie*, 144 F.4th 146, 152 (3d Cir. 2025) (quoting 28 U.S.C. § 1331)).  In addition, "District Courts 'have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between' 'citizens of different states.'" *Id.* at 152 (quoting 28 U.S.C. § 1332(a)(1)).  Statutes permitting removal "are to be strictly construed" and "all doubts should be resolved in favor of remand." *Manning v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 772 F.3d 158, 162 (3d Cir. 2014).  "If any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

10

## IV.    ANALYSIS

Plaintiff moves to remand this action to the Court of Common Pleas of Lackawanna County, arguing that Norfolk Southern has not met its burden to justify removal because the amount is controversy requirement has not been satisfied.  (Doc. 6 at 6-7).  Plaintiff further argues that, if this Court has jurisdiction, it should decline to hear this case pursuant to *Burford* and *Pullman* abstention.  (*Id.* at 8-10).  Norfolk Southern opposes Plaintiff's motion to remand.  (Doc. 9).  Norfolk Southern, as the party asserting jurisdiction, "bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993); *accord Rowland v. Bissell Homecare, Inc.*, 73 F.4th 177, 180 (3d Cir. 2023).

### A. Removal Standard

"A defendant may only remove a civil action to federal court if the plaintiff could have originally filed the action in federal court." *Rowland*, 73 F.4th at 180 (citation omitted). "District Courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states." *Johnson*, 144 F.4th at 152 (quotations omitted).  The Court, and the parties, agree that completely diversity exists, as Plaintiff is citizen of the Commonwealth of Pennsylvania, and Norfolk Southern is a citizen of Virginia and Georgia.[2]

---

[2]    *See* 28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business. . . .").

However, Plaintiff disputes that the amount in controversy exceeds $75,000 and seeks to remand this action to the Lackawanna County Court of Common Pleas.

To invoke federal diversity jurisdiction, the parties must be diverse and the amount in controversy must exceed $75,000. 28 U.S.C. § 1332(a)(1). "In diversity suits, the requirement of an amount in controversy exceeding $75,000 applies to removed cases as well as to litigation originally filed in federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). The removal statute "is to be strictly construed against removal." *Id.*

28 U.S.C. § 1446(c) provides:

> (2) If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that--
> > (A) the notice of removal may assert the amount in controversy if the initial pleading seeks--
> > (i) nonmonetary relief; or
> > (ii) a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
> > (B) removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).

28 U.S.C. § 1446(c)(1), (c)(2)(A)-(B).

The rule for determining whether a case involves the requisite jurisdictional amount is "whether 'from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed, or if, from the proofs, the court is satisfied to a

12

like certainty that the plaintiff never was entitled to recover that amount.'" *Samuel-Bassett*,

357 F.3d at 397 (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289

(1938)).  "The Supreme Court has long held that plaintiffs may limit their claims to avoid

federal subject matter jurisdiction." *Morgan v. Gay*, 471 F.3d 469, 474 (3d Cir.

2006) (citing *Red Cab Co.*, 303 U.S. at 294).  "Where the plaintiff in a diversity action seeks

injunctive or declaratory relief, the amount in controversy is often not readily determinable.

Under those circumstances, the amount in controversy is determined by the value of the

object of the litigation." *Columbia Gas Transmission Corp. v. Tarbuck*, 62 F.3d 538, 541 (3d

Cir. 1995) (internal quotation marks omitted); *see also In re Corestates Tr. Fee Litig.*, 39

F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is settled that the amount in controversy

is measured by the value of the right sought to be protected by the equitable relief.").

The parties dispute what test the Court must apply in determining the amount in

controversy.  According to Plaintiff, Defendant fails to satisfy its burden to establish to a

legal certainty that the amount in controversy exceeds $75,000, noting that it "fails to cite

any specific facts that support a plausible basis for removal" and that "[s]imply referencing

the term 'punitive damages' in the Complaint is insufficient."  (Doc. 6, ¶¶ 29-33).  Plaintiff

further notes that amount in controversy must be stated to a legal certainty, and that

"Defendant offers no certainty, legal or otherwise; rather, Defendant simply lists a few

allegations of the Complaint without explaining why said allegations call for removal."  (*Id.*, ¶

37).  Norfolk Southern, in contrast, notes that Notice of Removal contains a short and plain

statement of the grounds for removal and plausible allegations that amount in controversy exceeds $75,000. (Doc. 8 at 9-16). It further states that, even if the Court applies the legal certainty standard, Plaintiff has failed to prove that the amount in controversy could not exceed $75,000. (*Id.* at 16-18).

Usually, "[i]f removal of a civil action is brought on the basis of' diversity jurisdiction, the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy." *Johnson*, 144 F.4th at 152. "The general rule is that claims brought by a single plaintiff against a single defendant can be aggregated when calculating the amount in controversy, regardless of whether the claims are related to each other." *See Suber v. Chrysler Corp.*, 104 F.3d 578, 588 (3d Cir. 1997) (citing *Snyder v. Harris*, 394 U.S. 332, 335, 89 S.Ct. 1053, 22 L.Ed.2d 319 (1969)). In assessing the amount in controversy, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) (internal citation and quotation marks omitted).

"But the amount alleged in the complaint does not always control." *Johnson*, 144 F.4th at 153. "The 'notice of removal may assert the amount in controversy' if the initial pleading seeks either (1) 'nonmonetary relief'; or (2) 'a money judgment, but the State practice either does not permit demand for a specific sum or permit recovery of damages in excess of the amount demanded." *Id.* (quoting 28 U.S.C. § 1446(c)(2)(A)). "If one of these exceptions applies, then removal based on diversity jurisdiction is proper if 'the district court

14

finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000.'" *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)); *see also Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88, 135 S.Ct. 547, 190 L.Ed.2d 495 (2014) ("When a defendant's assertion of the amount in controversy is challenged . . . both sides submit proof" and courts decide, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied). In this scenario, the amount claimed by the defendant "should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin*, 574 U.S. at 87.

The Third Circuit "has identified three tests to apply in removal cases where the amount in controversy is disputed." *Sciarinno v. State Farm Fire & Cas. Co.*, 476 F. Supp. 3d 91, 95 (E.D. Pa. 2020). "First, when there are jurisdictional disputes of fact, the *McNutt/Samuel-Basset* standard applies, and the defendant must 'justify his allegations by a preponderance of the evidence.'" *Id.* (quoting *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936)). "Second, when the jurisdictional amount is not contested as a factual matter and the amount in controversy 'is determined in whole or in part by applicable law,' the *Red Cab/Samuel-Bassett* framework applies, and the court asks 'whether it is clear to a legal certainty that plaintiff *cannot recover* the amount claimed.'" *Id.* (quoting *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 505 (3d Cir. 2014) (emphasis in original). "Third, when the jurisdictional facts are not in dispute and the complaint explicitly states that the amount in controversy is less than the jurisdictional

15

minimum, the *Morgan* standard applies, and the defendant must 'prove to a legal certainty that the complaint *exceeds* the statutory amount in controversy.'" *Id.* (quoting *Morgan*, 471 F.3d at 475).

In *Judon*, the Third Circuit explained the differences among the various tests to apply when determining the amount in controversy. "The *McNutt/Samuel-Basset* framework applies where a challenge to the amount in controversy had been raised in the pleadings or the notice of removal, but no evidence or findings in the trial court addressed the issue." *Judon*, 773 F.3d at 504. Under that test, Norfolk Southern, as the party alleging jurisdiction, must "justify his allegations [in the Notice of Removal] by a preponderance of the evidence." *Id.* In contrast, the "*Red Cab/Samuel-Bassett* framework applies where the jurisdictional facts are not contested and the amount in the controversy is determined in whole or in part by applicable law." *Id.* at 505 (internal citation and quotation marks omitted). Under this test, the Court must determine whether it is clear to a legal certainty that plaintiff cannot recover damages in excess of $75,000. The third test is the *Morgan* test, which applies when "jurisdictional facts are not in dispute and the complaint explicitly states that the amount in controversy is less than the jurisdictional minimum." *Sciarrino*, 476 F. Supp. 3d at 95. If *Morgan* applies, then Norfolk Southern must "prove to a legal certainty that the complaint *exceeds* the statutory amount in controversy.'" *Id.* (emphasis in original); *see also Frederico v. Home Depot*, 507 F.3d 188, 196-97 (3d Cir. 2007) ("The distinction between a case governed by *Morgan* and a case governed by *Red Cab* and *Samuel-*

*Bassett* is crystal clear. *Morgan* applies where the complaint specifically avers that the amount sought is less than the jurisdictional amount. There, a defendant seeking removal must prove to a legal certainty that plaintiff can recover the jurisdictional amount. By contrast, *Samuel-Basset* applies where the plaintiff has not specifically averred in the complaint that the amount is less than the jurisdictional minimum. There, the case must be remanded if it appears to a legal certainty that plaintiff *cannot* recover the jurisdictional amount.") (emphasis in original).

Three days after the Third Circuit issued its opinion in *Judon*, the Supreme Court decided *Dart Cherokee Basin*. *Sciarrino*, 476 F. Supp. 3d. at 96. In that case, the Supreme Court interpreted 28 U.S.C. § 1446(c)(2), and explained:

> When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith. Similarly, when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court....
>
> If the plaintiff contests the defendant's allegation, § 1446(c)(2)(B) instructs: '[R]emoval ... is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold. This provision, added to § 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011 (JVCA), clarifies the procedure ... when a defendant's assertion of the amount in controversy is challenged. In such a case, both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.

574 U.S. at 87-88.

"Following *Dart Cherokee Basin,* at least one district court in this Circuit has questioned the continued viability of the *Morgan* legal certainty standard." *Sciarrino*, 476 F.

17

Supp. 3d at 96 (citation omitted). "And although some courts in this District have continued to apply *Morgan's* legal certainty test in cases like this one, others have looked solely to the preponderance standard." *Id.* at 97 (citations omitted). In *Sciarrino*, the court applied the *Morgan* test legal certainty standard. It noted that "[a]lthough the Supreme Court's opinion in *Dart Cherokee Basin*, and the Third Circuit's opinion in *Judon*, calls into question the legal certainty tests of *Red Cab* and *Morgan*, neither court explicitly overturned the *Red Cab/Samuel-Bassett* legal certainty standard or the *Morgan* legal certainty standard." *Id.* In *Sciarrino*, the court found that "neither party has raised an issue of fact, so we do not apply the *McNutt/Samuel-Basset* preponderance of the evidence test."[3] *Id.* Rather, the court found, as here, that "the parties contest the legal effect of the Sciarrinos' request for punitive damages and the complaint's *ad damnum* clauses, which state that the amount in controversy is below the jurisdictional minimum." *Id.* If the *Morgan's* legal certainty test applies, Norfolk Southern must "prove by a legal certainty that the amount in controversy exceeds the statutory threshold." *Morgan*, 471 F.3d at 471.

Because Plaintiff and Norfolk Southern claim that different standards apply, the Court must first determine whether to apply *McNutt/Samuel-Bassett* preponderance of the evidence test or *Morgan*'s legal certainty test. Norfolk Southern claims that the Court must apply the *McNutt/Samuel-Basset* preponderance of the evidence test and that it has

---

[3]    The *Sciarrino* court noted that neither party raised an issue of fact so the preponderance of the evidence of standard did not apply. 476 F. Supp. 3d at 97. In that case, the defendant removed the action to the Court and asserted, like here, that "the amount in controversy in this matter exceeds $75,000 based on the allegations contained in plaintiff's complaint." *Id.*

satisfied this standard. (Doc. 9 at 4-16). Alternatively, Norfolk Southern asserts that even if the legal certainty tests applies, Plaintiff has failed to prove that the amount in controversy could not exceed $75,000. (*Id.* at 16-18). Plaintiff, in contrast, appears to ask this Court to apply the *Morgan* standard, whereby Norfolk Southern has the burden to prove, to a legal certainty, that the amount in controversy exceeds $75,000. (Doc. 7 at 6-9).

In its brief in support of its motion to remand, Plaintiff claims that Norfolk Southern's statement about the amount in controversy fails under the legal certainty test. (Doc. 7 at 6-7). Plaintiff claims that Norfolk Southern has not met its burden to establish that amount in controversy exceeds $75,000. (Doc. 7 6-7). In its brief in support of its motion to remand, Plaintiff states:

> Defendant, as the removing party, bears the burden of demonstrating that federal jurisdiction is proper. This includes proving the amount in controversy exceeds $75,000. Because the Defendant has not met its burden, this Court lacks subject matter jurisdiction, and the case must be remanded.
>
> The Third Circuit will remand a case if the defendant fails to prove punitive damages to a legal certainty. Sciarrino v. State Farm Fire & Cas. Co. at 99. Defendant fails to cite any specific facts that support a plausible basis for removal in this case. Simply referencing the term 'punitive damages' in the Complaint in insufficient.
>
> Defendant erroneously claims that 'Plaintiff's request for punitive damages could alone be conclusive evidence that the case satisfies the amount in controversy.' See Defendant's Notice of Removal (Doc. 1) at ¶ 22. To attempt to make this point, Defendant relies on "Third Circuit precedent." Id. Defendant cites Golden ex. rel. Golden v. Golden, which held '(a) request for punitive damages will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of plaintiff's claim is below the statutory minimum.' 382 F.3d 348, 355 (3d Cir. 2004).

19

However, the Third Circuit Court has since reached a different conclusion, finding that amounts-in-controversy must, in fact, be stated "to a legal certainty." <u>Dunfree v. Allstate Ins. Co.</u>, 2008 WL 2579799, at *8 (E.D. Pa. June 26, 2008). Defendant offers no certainty, legal or otherwise; rather, Defendant simply lists a few allegations of the Complaint without explaining why said allegations call for removal. <u>See</u> (Doc. 1) at ¶ 23. By this logic, any plaintiff can simply request punitive damages and, in an instant, the case would be disallowed from being tried in state court.

Defendant has not met its burden such that it would justify removal, and thus this Court should remand this case.

(*Id.*). In its brief in opposition to Plaintiff's motion to remand, Norfolk Southern asserts again that the amount in controversy exceeds $75,000. (Doc. 9).

Under these circumstances, the Court believes that the *Morgan* legal certainty test is correct standard. As in *Scairrino*, both Plaintiff and Norfolk Southern solely rely on the allegations in the Complaint, therefore "neither party has raised an issue of fact." *Sciarrino*, 476 F. Supp. 3d at 97. Nevertheless, the Court will address both the *Morgan* legal certainty standard and the *McNutt/Samuel-Bassett* preponderance of the evidence test. Under either test, Norfolk Southern has failed to meet its burdens to justify removal.

## B. Morgan's Legal Certanity Standard

The Court will apply what it believes to the appropriate test here under *Morgan*. Norfolk Southern claims that it is legally certain that Plaintiff seeks damages in excess of $75,000. But it is Norfolk Southern's burden to prove to a legal certainty that the Complaint seeks relief in excess of $75,000. *Sciarrino*, 476 F. Supp. 3d at 97 (defendant must "prove by a legal certainty that the amount in controversy exceeds the statutory threshold.") (citing *Morgan*, 471 F.3d at 471).

"In calculating the amount in controversy, we must determine whether 'the plaintiff's actual monetary demands in the aggregate exceed the [jurisdictional] threshold, irrespective of whether the plaintiff states that the demands do not." *Sciarrino*, 476 F. Supp. 3d at 98. In making this determination, the Court must "aggregate the claims brought by one plaintiff against one defendant" and must "consider punitive damages and attorney's fees, as well as compensatory damage." *Id.*; *see also Suber*, 104 F.3d at 585 ("Moreover, in calculating the amount in controversy, we must consider potential attorney's fees."); *Packer*, 994 F.2d at 1406 ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied."); *Quinones-Velazquez v. Maroulis*, 677 Fed. App'x 801, 804 (3d Cir. 2017) (non-precedential) (reversing district court dismissal for lack of subject matter jurisdiction noting, "[a] claim for punitive damages must be considered in determining the amount in controversy, unless the claim is patently frivolous and without foundation.").

Norfolk Southern claims that the amount is controversy is met when considering punitive damages and attorneys' fees. The Court will address each claim brought by Plaintiff to determine whether punitive damages and attorneys' fees are available under Pennsylvania law. "However, in considering punitive damages, the court's estimation 'must be realistic,' and all "doubts must be construed in favor of remand." *Sciarrino*, 476 F. Supp. 3d at 98 (quoting *Samuel-Bassett*, 357 F.3d at 403)).

### *Negligence*

In Count I, Plaintiff brings a claim of negligence. (Doc. 1-1, ¶¶ 22-32). The *ad damnum* clause seeks "damages from defendant in an amount in excess of $50,000, plus interest and cost."[4] Plaintiff did not request punitive damages or attorneys' fees on its negligence claim alleged in Count I, so the Court need not address either punitive damages or attorney's fees when calculating the amount in controversy.

### *Storm Water Management Act*

In Count II, Plaintiff asserts a claim under the Storm Water Management Act (the "Act"). (Doc. 1-1, ¶¶ 33-36). In Count II the *ad damnum* clause seeks, in relevant part: (1) monetary damages sufficient to fully compensate it for past and future damages; (2) punitive damages in an amount to be determined by a jury sufficient to deter Norfolk Southern and others from similar conduct in the future; and (3) reasonable expense, including attorneys' fees and costs. (*Id.*). The Act provides, in relevant part,

> (a) Any activity conducted in violation of the provisions of this act or of any watershed storm water plan, regulations or ordinances adopted hereunder, is hereby declared a public nuisance.
> (b) Suits to restrain, prevent or abate violation of this act or of any watershed storm water plan, regulations or ordinances adopted hereunder, may be instituted in equity or at law by the department, any affected county or municipality, or any aggrieved person. Except in cases of emergency where, in the opinion of the court, the circumstances of the case require immediate abatement of the unlawful conduct, the court may, in its decree, fix a reasonable time during which the person responsible for the unlawful conduct

---

4       Interest and costs are not included in calculating the amount in controversy. *See* 28 U.S.C. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, *exclusive of interest and costs* . . .") (emphasis added).

> shall correct or abate the same. The expense of such proceedings shall be recoverable from the violator in such manner as may now or hereafter be provided by law.
>
> (c) Any person injured by conduct which violates the provisions of section 13 may, in addition to any other remedy provided under this act, recover damages caused by such violation from the landowner or other responsible person.

32 P.S. § 680.15. The Court must first determine whether punitive damages and attorney's fees are permitted under the Act.

Section 15(b) of the Act, provides "[t]he expense of such proceeding shall be recoverable from the violator in such a manner as may now or hereafter be provided by law." 32 P.S. § 680.15(b). The Supreme Court of Pennsylvania has held that attorneys' fees are not recoverable under Section 15(b) of the Act. *See Merlino v. Delaware Cnty.*, 556 Pa. 422, 426, 728 A.2d 949 (1999) ("In the absence of such express statutory authorization, employment of the term 'expense' in Section 15(b) is insufficient to constitute a basis for the award of attorneys' fees under the Act."). Because the Act does not permit an award of attorney's fees, they cannot be included when calculating the amount in controversy.

As for the availability of punitive damages under the Act, the Court did not find any Pennsylvania case law indicating that punitive damages are available under the Act, and the parties have not provided the Court with any information on this issue. Based on the plain language of 32 P.S. § 680.15(c) and case law finding that attorneys' fees are not

23

recoverable under the Act, the Court predicts that the Supreme Court of Pennsylvania would not permit punitive damages for violations of the Storm Water Management Act.

The Act provides that "[a]ny person injured by conduct which violates the provisions of section 13 may, in addition to any other remedy provided under this act, recover damages caused by such violation from the landowner or other responsible person."[5] 32 P.S. § 680.15(c). Although the Act permits an aggrieved person to "recover damages caused by such violation," it makes no mention of punitive damages.

When the Pennsylvania General Assembly intended to provide punitive damages for a statutory cause of action, it usually explicitly stated as much in the statute. *See* 42 Pa. C.S.A. § 8371 (permitting "punitive damages against the insurer" in a bad faith statutory cause of action); *see also* 12 Pa. C.S.A. § 5304(b) ("If willful and malicious misappropriation exists, the court may award exemplary damages in an amount not exceed twice any award made under subsection(a)."); 35 P.S. § 10225.302(c) ("Any person who violates this subsection is subject to a civil lawsuit by the reporter or the victim wherein the reporter or

---

[5] Section 13 of the Act provides:

> Any landowner and any person engaged in the alteration or development of land which may affect storm water runoff characteristics shall implement such measures consistent with the provisions of the applicable watershed storm water plan as are reasonably necessary to prevent injury to health, safety or other property. Such measures shall include such actions as are required:
>> (1) to assure that the maximum rate of storm water runoff is no greater after development than prior to development activities; or
>> (2) to manage the quantity, velocity and direction of resulting storm water runoff in a manner which otherwise adequately protects health and property from possible injury.

32 P.S. § 680.13.

victim shall recover treble compensatory damages, compensatory and punitive or $5,000, whichever is greater."); 40 P.S. § 1303.505(a) ("Punitive damages may be award for conduct that is the result of the health care provider's willful or wanton conduct or reckless indifference to the rights of others."); 43 Pa. C.S.A. § 8309(a)(2) (permitting "punitive damages" for civil rights violations); 68 Pa. C.S.A. § 3412 ("Punitive damages may be awarded in the case of a willful violation of this subchapter."). Because the plain language of the Act does not permit punitive damages and there is no indication that the General Assembly intended to provide punitive damages for violations of the Act, the Court finds that the Act does not allow punitive damages. Accordingly, Plaintiff may not recover either punitive damages or attorneys' fees under the Act and so the Court will not consider either when calculating the amount in controversy.

### *Trespass*

In Count III Plaintiff asserts a claim for continuing trespass. (Doc. 1-1, ¶¶ 37-40). The *ad damnum* clause seeks damages "in excess of $50,000 together with punitive damages." (*Id.* at 10). In a trespass action punitive damages are recoverable under Pennsylvania law. *See Pittsburgh Outdoor Advert. Co. v. Virginia Manor Apartments, Inc.*, 436 Pa. 350, 353, 260 A.2d 801 (1970) (acknowledging that punitive damages may be available in trespass actions); *see also* 2 Summ. Pa. Jur. 2d Torts § 23:14 (2d ed.) ("Punitive damages may be awarded in a trespass case where the invasion and resulting damages on the plaintiff's land was in reckless disregard of the plaintiff's property rights,

25

even though it was not intentional or malicious.") (citing *Kirkbride v. Lisbon Contractors, Inc.*, 385 Pa. Super. 292, 560 A.2d 809 (1989)). Because punitive damages are recoverable under Pennsylvania law on a trespass claim, the Court must consider them when assessing the amount in controversy.

### Nuisance

In Count IV, Plaintiff brings both private and public nuisance claims. (Doc. 1-1, ¶¶ 41-43). The *ad damnum* clause seeks "damages in an amount in excess of $50,000 together with punitive damages, interest, costs and equitable relief including an injunction abating the nuisance." (*Id.* at 11).

Punitive damages are permitted on nuisance claims in Pennsylvania where the Defendant's conduct "is outrageous, because of the defendant's evil motive or reckless indifference to the rights of others." Restatement (Second) Torts § 908(2); *see also Llyod v. Covanta Plymouth Renewable Energy, LLC*, 517 F. Supp. 3d 328, 334 (E.D. Pa. 2021) ("Here, plaintiff has pleaded that defendant recklessly and intentionally failed to maintain its facility thereby causing noxious odors to invade plaintiff's property. These allegations, if proven, may support a claim for punitive damages."). Because punitive damages are recoverable under Pennsylvania law on a nuisance claim, the Court must consider them when assessing the amount in controversy.

Plaintiff also seeks injunctive relief in Count IV, requesting "an injunction abating the nuisance." (Doc. 1-1 at 9). Neither party provided an estimate of the value of the object at

issue—the damage to Plaintiff's commercial property caused by the alleged nuisance. The Court will not speculate as to the value of this claim for equitable relief when no party provided any information to the Court for it to assess that claim.

In its Notice of Removal, Norfolk Southern merely states "Plaintiff's request for punitive damages *could* alone be conclusive that this case satisfies the amount in controversy." (Doc. 1, ¶ 22). But Norfolk Southern's Notice of Removal does not satisfy its burden to prove punitive damages to a legal certainty and Courts in this Circuit have remanded cases to state court based on similar speculative allegations. *See, e.g.*, *Sciarrino*, 476 F. Supp. 3d. at 100 (defendant "has not proven to a legal certainty that the request for punitive damages and attorney's fees pushes the amount in controversy above the $75,000 threshold" and defendant "cannot satisfy its burden by pointing to the mere possibility that Sciarrino's 'could' be awarded punitive damages and attorney's fees above the amount in controversy threshold"); *Coates v. Nationwide Ins. Co.*, 2012 WL 4068437, at *4 (E.D. Pa. Sept. 14, 2012) ("The legal certainty test and the rule requiring courts to resolve all doubts in favor of remand would ring hollow if the mere possibly that a plaintiff could recover more than $75,000 . . . [Defendant] is unable to prove to a legal certainty that the punitive damages and other relief Plaintiff seeks would push the amount in controversy above $75,000"). The Court will not speculate that Plaintiff seeks damages in excess of $75,000 based on the allegations in the Complaint. Plaintiff may not recover attorneys' fees on any cause of action raised in the Complaint. Nor does the Court find that Norfolk

27

Southern has proved to a legal certainty that Plaintiff seeks compensatory and punitive damages in excess of $75,000.[6]   For these reasons, the Court finds that Norfolk Southern has failed to establish, to a legal certainty, that Plaintiff seeks recovery in excess of $75,000.

### C. McNutt/Samuel-Basset Preponderance of the Evidence Standard

Although the Court and Plaintiff believe the Morgan test is the correct test, Norfolk Southern claims that it has established, by a preponderance of the evidence, that the Complaint seeks damages in excess of $75,000.  Satisfying the preponderance of the evidence standard has been defined as "proof to a reasonable probability that jurisdiction exists." *Frederico,* 507 F.3d 188, 196 n.6 (3d Cir. 2007).

In this matter, Plaintiff seeks nonmonetary relief in the form a mandatory injunction as well as monetary damages.  Pennsylvania Rules of Civil Procedure prohibits a plaintiff from requesting a sum certain.  Pa. R. CIV. P. 1021(b) ("Any pleading demanding relief for unliquidated damages shall not claim any specific sum."); *see also Khan v. Amazon Logistics, Inc.,* 2026 WL 184196, at *1 (E.D. Pa. Jan. 23, 2026) ("Pursuant to Pennsylvania Rule of Civil Procedure 1021(b), the Complaint averred damages 'in excess of $50,000' to designate the matter for the major jury track.  The Complaint did not, however, explicitly

---

[6]    Norfolk Southern also moves to dismiss Plaintiff's claim for punitive damages.  It claims the "Complaint says nothing about Norfolk Southern's state of mind" and accordingly must be dismissed. (Doc. 5 at 26).  The Court agrees that the Complaint does not sufficiently allege Norfolk Southern's state of mind, so as pled Plaintiff cannot recover punitive damages because there are no allegations sufficient to support an inference of reckless indifference or intentional conduct.

allege damages exceeding $75,000."). Plaintiff's requested relief on its face appears to fall within Section 1446(c)(2)(A), and therefore "removal of the action is proper on the basis on the amount in controversy asserted under subparagraph (A) if the district court finds, by the preponderance of the evidence, the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446(c)(2)(B). But neither Plaintiff nor Norfolk Southern raised any issues of fact, either in the Complaint, Notice of Removal, or any brief or other document. Instead, both rely on the Complaint's allegations, focusing almost exclusively on the Plaintiff's claim for punitive damages, which the Court and Norfolk Southern agree fails to allege any state of mind sufficient to support a claim for punitive damages based on reckless indifference. In other words, the parties are contesting the legal effect of the Complaint's request for punitive damages and attorneys' fees and which party has the burden of proof. Even applying the more lenient preponderance of the evidence standard, Norfolk Southern fails to meet its burden.

Neither Plaintiff nor Norfolk Southern submitted any evidence for the Court to assess the amount in controversy.[7] *See Dart Cherokee*, 574 U.S. at 89 ("[A]s specified in [28

---

[7]    The submission of evidence to determine the amount in controversy is not always required. *See Dart Cherokee*, 574 U.S. at 89 ("[A]s specified in [28 U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only where the plaintiff contests, or the Court questions, the defendant's allegations."); *Zanetich v. Wal-Mart Stores, East, Inc.*, 123 F.4th 128, 137 (3d Cir. 2024) ("Neither Zanetich nor the District Court contested the plausibly of Walmart's statement about the amount in controversy, so no evidence-based showing was required to perfect removal, and the District Court properly exercised subject matter jurisdiction over this case.").

U.S.C.] § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only where the plaintiff contests, or the Court questions, the defendant's allegations."). Here, the Plaintiff and the Court question whether the amount in controversy exceeds $75,000. As such, the defendant must provide evidence establishing that the amount in controversy exceeds $75,000." *Klaphake v. Columbia Gas Transmission, LLC*, 2018 WL 1736791, at *1 (W.D. Pa. Apr. 11, 2018). "As evidence 'of the jurisdictional amount, the Court may consider the complaint, notice of removal, and subsequent submissions related to the motion to remand.'" *Bowden v. Express Scripts, Inc.*, 2025 WL 2653582, at *6 (W.D. Pa. Sept. 16, 2025) (quoting *Klaphake*, 2018 WL 1736791, at *1).

In the Complaint, Plaintiff seeks compensatory damages in excess of $50,000 plus punitive damages, attorneys' fees, and injunctive relief. Norfolk Southern was entitled to rely on the allegations in the Complaint "as an admission in favor of jurisdiction." *Judon*, 773 F.3d at 505. Here, Norfolk Southern relies solely on the allegations in the Complaint to in an attempt to establish that the amount in the controversy exceeds $75,000. The Court finds that Norfolk Southern failed to meet its burden to demonstrate that it is more likely than not that amount in controversy exceeds $75,000. In other words, Southern Norfolk has not satisfied its burden to demonstrate by a preponderance of the evidence that the Complaint plausibly seeks damages and injunctive relief exceeding $75,000. (Doc. 1, ¶¶ 17, 19-29).

30

It is true that Plaintiff seeks damages "in excess of $50,000," and alleges severe flooding damage and resulting structural problems to its commercial property caused by Norfolk Southern's alleged negligence in the construction of its culverts. (Doc. 1-1 at 8-11). Plaintiff also seeks injunctive relief, attorneys' fees, and punitive damages. But Norfolk Southern asks this Court to simply speculate that the amount in controversy exceeds $75,000 and offers no proof to sustain its burden. Norfolk Southern did not submit an affidavit or any evidence to determine the amount in controversy. It did not allege or even provide an estimate of the value of the damage to Plaintiff's commercial property, nor did it allege or provide an estimate of the value of the object that is the basis for Plaintiff's injunctive relief in Count IV seeking to abate the alleged nuisance. *See In re Corestates*, 39 F.3d at 65 (where plaintiff seeks injunctive relief "the amount in controversy is measured by the value of the right sought to protected by the equitable relief."); *see also Stroudsburg Borough v. VFG Labar, LLC*, 2022 WL 433321, at *3 (M.D. Pa. Feb. 11, 2022) (granting motion to remand where "the financial value of the injunction itself is not susceptible to calculation and the allegations set forth in the complaint, as well as any evidence or arguments set forth by the parties, do not provide any basis for a determination as to the amount of controversy which emanates from the request for injunctive relief").

When the preponderance of the evidence test applies, Courts have found that a defendant, as the removing party, must provide proof to sustain it burden that the amount in controversy exceeds $75,000 when challenged. *See, e.g.*, *Keystone Klub Keyser Oak, LLC*

*v. Evanson Ins. Co.*, 2026 WL 328375, at *4-5 (M.D. Pa. Feb. 7, 2026) (denying motion to remand where defendant satisfied removal burden to show by the preponderance of the evidence that the complaint seeks recovery in excess of $75,000, noting that defendant submitted an "affidavit" and precise estimates concerning the amount in controversy); *Khan*, 2026 WL 184196, at *2-3 (granting motion to remand where defendant "showing is insufficient for two reasons" first, "Defendant Amazon does not explain why the asserted injuries amount to damages exceeding $75,000 and this Court is certainly in no position to speculate as to the costs of various medical procedures" and second, "it is true that to satisfy the amount in controversy requirement, claims for punitive damages that are not patently frivolous and without foundation may be aggregated with claims for compensatory damages . . . [h]owever, this does not mean that the possibly of punitive damages alone is enough to satisfy the amount in controversy requirement"); *B&B Realty Co. v. McDonald's Corp.*, 2022 WL 1645804, at *3 (M.D. Pa. May 24, 2022) (denying motion to remand based on defendant's submission of evidence, including a declaration stating the amount in controversy, finding that defendant "set forth sufficient facts to demonstrate, by a preponderance of the evidence, that the jurisdictional requirement is met in this case").

As noted, neither party provided the Court with any calculation of the amount in controversy, except that Norfolk Southern claims the amount in controversy exceeds $75,000. Plaintiff is the master of its own complaint and chose to proceed in state court. Norfolk Southern has failed to prove to a legal certainty that the Complaint seeks relief in

32

excess of $75,000 under the *Morgan* test. Even applying the *McNutt/Samuel-Bassett* test, which Norfolk Southern claims governs, Norfolk Southern has failed to prove, by a preponderance of evidence, that the amount in controversy exceeds $75,000. Accordingly, the Court will grant Plaintiff's motion to remand.

## V.    CONCLUSION

For these reasons, Plaintiff's motion to remand will be granted because Norfolk Southern failed to prove a legal certainty that Plaintiff seeks recovery in excess of $75,000 and further fails to establish, by a preponderance of the evidence, that Plaintiff seeks recovery in excess of $75,000. Norfolk Southern's motion to dismiss will be denied as moot. A separate order follows.

Robert D. Mariani
United States District Judge

33